**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

LISA MARIE J.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

                       5:25-CV-123
                        (DJS)

**APPEARANCES:**                                    **OF COUNSEL:**

OLINSKY LAW GROUP                          HOWARD D. OLINSKY, ESQ.
Attorney for Plaintiff
250 South Clinton Street, Suite 210
Syracuse, New York 13202

U.S. SOCIAL SECURITY ADMIN.          GEOFFREY M. PETERS, ESQ.
OFFICE OF THE GENERAL COUNSEL
Attorney for Defendant
6401 Security Boulevard
Baltimore, Maryland 21235

**DANIEL J. STEWART**
**United States Magistrate Judge**

1

**<u>MEMORANDUM-DECISION AND ORDER</u>**[1]

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) seeking review of a decision by the Commissioner of Social Security that Plaintiff was not disabled. Currently before the Court are Plaintiff's Motion for Judgment on the Pleadings, Dkt. Nos. 11 & 13, and Defendant's Motion for Judgment on the Pleadings. Dkt. No. 12. For the reasons set forth below, Plaintiff's Motion for Judgment on the Pleadings is granted and Defendant's Motion is denied.

## I. THE ALJ'S DECISION

The ALJ found that Plaintiff met the insured status requirements through December 31, 2018. Dkt. No. 8, Admin. Tr. ("Tr.") at p. 2866. Next, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 11, 2016, the alleged onset date. *Id.* The ALJ next found:

> Since the alleged onset date of disability, August 11, 2016, the claimant has had the following severe impairments: obesity, lumbar stenosis and degenerative disc disease with radiculopathy, degenerative changes of the cervical spine with radiculopathy, degenerative changes of the thoracic spine, history of total right hip arthroplasty with subsequent infection and revision, osteoarthritis of the left hip, hearing loss, history of left shoulder injury, status-post bilateral carpal tunnel release, chronic fatigue syndrome, fibromyalgia, bipolar disorder, depressive disorder, anxiety disorder, dependent personality disorder, borderline personality disorder, post-traumatic stress disorder (PTSD), history of attention deficit

---

[1] Upon Plaintiff's consent, the United States' general consent, and in accordance with this District's General Order 18, this matter has been referred to the undersigned to exercise full jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Dkt. No. 5 & General Order 18.

hyperactivity disorder (ADHD), and premenstrual dysphoric disorder (20 CFR 404.1520(c) and 416.920(c)).

*Id.* Next, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1. Tr. at p. 2867. With respect to residual functional capacity ("RFC"), the ALJ concluded that Plaintiff could perform sedentary work with these limitations:

> she should not work at unprotected heights or work in close proximity to dangerous machinery or moving mechanical parts of equipment. The claimant should not climb ladders, ropes, and scaffolds, balance as defined in the SCO, kneel, crouch, and crawl. She can occasionally climb ramps and stairs. The claimant can occasionally but not repetitively stoop. She can frequently reach, handle, finger, and feel. The claimant can understand, remember, and carry out simple instructions. She can use judgment to make simple work-related decisions. The claimant should work in a job with occasional changes in the routine work setting. She cannot perform work requiring a specific production rate such as an assembly line or perform work which requires hourly quotas. The claimant should have occasional contact with coworkers and supervisors, and no public contact. She should use a cane for ambulation but retains the ability to carry small objects with her free hand. The claimant should change positions during ordinary breaks and lunch hour. In addition, she should be able to stand for two minutes at hour intervals. The claimant can stay on task at the workstation during the position change.

Tr. at p. 2869. Plaintiff was found to have no past relevant work. Tr. at p. 2880. The ALJ then found that based on Plaintiff's age, education, work experience, and RFC she could perform several jobs existing in significant numbers in the national economy prior to August 25, 2024, but not after. Tr. at pp. 2880-2881. Accordingly, the ALJ found

3

that Plaintiff was disabled for some, but not all the relevant time period.  Tr. at pp. 2881-2282.

## II.  RELEVANT LEGAL STANDARDS

### A.  Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence.  *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987).  "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."  *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).  If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that

4

the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).

## B.  Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act.  20 C.F.R. §§ 404.1520, 416.920.  The Supreme Court has recognized the validity of this sequential evaluation process.  *Bowen v. Yuckert*, 482 U.S. 137, 141-42 (1987).  The five-step process asks:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a "residual functional capacity" assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014).  "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson*, 540 U.S. 20, 24 (2003).

5

### III. DISCUSSION

### A. Evaluation of Medical Evidence

Plaintiff first challenges the ALJ's evaluation of the prior administrative medical findings ("PAMF") of Dr. Haus and the medical opinion offered by social worker Sarah Bowers.  Dkt. No. 11, Pl.'s Mem. of Law at pp. 12-16.

### *1. Dr. Haus*

The ALJ considered Dr. Haus' PAMF and find it "generally persuasive."  Tr. at p. 2875.  Plaintiff raises several issues with the ALJ's finding, including that she failed to address the supportability of Dr. Haus' findings.  Pl.'s Mem. of Law at pp. 12-13. The Commissioner concedes that "the ALJ's opinion analysis does not explicitly address supportability."  Dkt. No. 12, Def.'s Mem. of Law at p. 7.  He argues, however, that the ALJ's rationale can sufficiently be gleaned from the record and that any error is in any event harmless.  *Id.* at pp. 7-9.  The Court disagrees with those submissions and concludes that the matter should be remanded for further proceedings.

Supportability and consistency are "[t]he most important factors," 20 C.F.R. § 416.920c(a), in evaluating medical opinions under current Social Security regulations. "[S]upportability" means that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical

6

opinions or prior administrative medical finding(s) will be." 20 C.F.R. §§ 404.1520c(c)(1). "In analyzing the supportability factor, 'the ALJ must conduct an inquiry confined to the medical source's own records that focuses on how well a medical source supported and explained their opinion.'" *James v. Comm'r of Soc. Sec.*, 2026 WL 305068, at *4 (E.D.N.Y. Feb. 5, 2026) (quoting *Ayala v. Kijakazi*, 620 F. Supp. 3d 6, 30 (S.D.N.Y. 2022)).

The ALJ did not address the supportability of Dr. Haus' findings at all. Tr. at p. 2875. Defendant suggests that because the ALJ expressly noted in her analysis of the other PAMFs that each was supported either by the medical evidence or a sufficient explanation and Dr. Haus reviewed the same medical records as the others, that supportability can be gleaned from the record. Def.'s Mem. of Law at p. 7. On the contrary, the Court finds that this is a greater reason for finding the conclusion unsupported by the record. The Commissioner's citation regarding the ALJ's handling of the other PAMFs highlights that she was aware of her obligation to discuss supportability and makes the failure to do so with respect to Dr. Haus more glaring. It also raises a significant question as to why the ALJ would not have done so. "Although an ALJ's assessment of supportability need not be overburdensome, a clear explanation of how supportability was assessed is necessary." *Philip B. v. Comm'r of Soc. Sec.*, 2024 WL 5454787, at *4 (N.D.N.Y. Oct. 24, 2024), *report and recommendation adopted*,

7

2025 WL 540372 (N.D.N.Y. Feb. 19, 2025) (internal citation omitted). The Court will not presume that the ALJ's unexplained silence under these circumstances means that she reached the same conclusion regarding Dr. Haus as she did the other PAMFs. That is especially true given the more detailed consideration the ALJ gave to each of those findings when compared to that of Dr. Haus, Tr. at pp. 2874-2875, and the fact that the ALJ did not afford the same weight to each of those opinions. While each, according to the Commissioner, considered the same evidence, the ALJ found the opinions of Drs. Periakaruppan, Dickerson, and Juriga only "partially persuasive," *id.*, and the opinion of Dr. Haus, the only one not properly evaluated, "generally persuasive." Tr. at p. 2875. This makes it impossible to say that the ALJ's proper analysis of Haus' opinion can be gleaned from the record.

Nor can the Court say the error is harmless. Defendant suggests that the error is harmless because the ultimate RFC finding accommodated the findings of Dr. Haus, if not imposing a more restrictive RFC. Def.'s Mem. of Law at pp. 8-9. This Court has previously recognized that an error can be harmless when the ALJ's consideration of specific limitations in an opinion nonetheless resulted in a more restrictive RFC. *See Christopher Q. v. Comm'r of Soc. Sec.*, 2026 WL 528787, at *5 (N.D.N.Y. Feb. 9, 2026), *report and recommendation adopted*, 2026 WL 527010 (N.D.N.Y. Feb. 25, 2026). This case presents a slightly different circumstance, however, because elsewhere in her

8

opinion the ALJ evaluates the opinion of Nurse Practitioner Zhang in light of her prior evaluation of the Haus opinion.  Tr. at p. 2878.  It appears from the record that NP Zhang's opinion is found not persuasive in part because of its lack of consistency with Dr. Haus' opinion.  Given the finding that the ALJ erred in evaluating Dr. Haus' opinion, the Court cannot be certain that this finding did not also improperly influence the evaluation of NP Zhang's opinion.  *Id.*  "The ALJ is required to provide rationale in the written decision sufficient to allow this Court to conduct an adequate review of [her] findings."  *Shanaye S.M. v. Comm'r of Soc. Sec.*, 2019 WL 1988672, at *4 (N.D.N.Y. May 6, 2019) (citing cases).  On this record, the Court does not believe the error identified with respect to Dr. Haus' opinion was harmless.  Accordingly, remand is required.  See *Towanda B. o/b/o A.N.B. v. Comm'r of Soc. Sec.*, 2025 WL 3209275, at *4 (N.D.N.Y. Oct. 29, 2025), *report and recommendation adopted sub nom. Towanda B. on behalf of A.N.B. v. Comm'r of Soc. Sec.*, 2025 WL 3206463 (N.D.N.Y. Nov. 17, 2025).

### 2. Ms. Bowers

Plaintiff also objects to the ALJ's evaluation of the opinion of Ms. Bowers.  Pl.'s Mem. of Law at pp. 14-16.  The Court agrees with Plaintiff that the ALJ erred factually in concluding that Ms. Bowers's opinion "is not supported by a function assessment."  Tr. at p. 2877.  A review of the opinion, in fact, shows that Bowers specifically opined

that Plaintiff "has . . . demonstrated difficulty managing anxiety related to completing tasks and has pronounced difficulty in most social situations, particularly those which require her to deviate from a rigid social script. Her symptoms routinely impair her ability to follow through on tasks." Tr. at p. 1892. This clearly sought to identify functional limitations Plaintiff was, in Ms. Bowers' opinion, experiencing. The Commissioner offers a number of reasons why this opinion should not have been found persuasive, Def.'s Mem. of Law at pp. 10-14, but most of those reasons were not discussed by the ALJ. *See* Tr. at p. 2877. This Court's "determination cannot properly be based on the Commissioner's post hoc rationalizations." *Beth Marie N. v. Comm'r of Soc. Sec.*, 2023 WL 6065309, at *6 (N.D.N.Y. Aug. 9, 2023), *report and recommendation adopted*, 2023 WL 6065945 (N.D.N.Y. Sept. 18, 2023). "The Court will not assume the ALJ's determination was based on a rationale [s]he did not express." *Laureen P. v. Saul*, 2020 WL 1044012, at *4 (N.D.N.Y. Mar. 4, 2020). Further review and explanation of this opinion by the ALJ, therefore, is warranted. On remand, the ALJ should re-evaluate the opinion from Ms. Bowers and provide a fulsome explanation for what weight, if any, should be given to that opinion.

## B. Vocational Expert Testimony

Plaintiff next argues that the ALJ failed to properly support her evaluation of the vocational expert's testimony. Pl.'s Mem. of Law at pp. 16-20. Specifically, Plaintiff

argues that the record shows that the VE did not understand the hypothetical posed during the hearing and that the VE's testimony is unsupported as a result. *Id.* In light of the necessity for a remand "it may be necessary for Defendant to re-evaluate the Step Five determination after re-evaluating the RFC." *Jacqueline H. v. Berryhill*, 2019 WL 1243619, at *6 (N.D.N.Y. Mar. 18, 2019). Accordingly, the Court need not address this question on the merits.

## IV.  CONCLUSION

**ACCORDINGLY**, it is

**ORDERED**, that Plaintiff's Motion for Judgment on the Pleadings is **GRANTED**; and it is further

**ORDERED**, that Defendant's Motion for Judgment on the Pleadings is **DENIED**; and it is further

**ORDERED**, that Defendant's Motion denying Plaintiff disability benefits is **REVERSED** and the matter is **REMANDED pursuant to sentence four** for further proceedings; and it is further

**ORDERED,** that the Clerk of the Court shall serve copies of this Memorandum-

11

Decision and Order on the parties.

Dated:  March 6, 2026
            Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

12